## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FLORENCE R. PARKER CHAILLA,
et al.

               **Plaintiff,**

    v.

FRANK BISIGNANO,
Commissioner of Social Security,
et al.,

               **Defendant.**

: CIVIL CASE NO. 3:24-CV-1961

: (JUDGE MARIANI)
: (Magistrate Judge Carlson)

## ORDER

AND NOW, THIS _____ DAY OF MARCH 2026, upon *de novo* review of Magistrate Judge Martin C. Carlson's Report and Recommendation ("R&R") (Doc. 46), Defendant Bisignano's objection thereto (Doc. 47), Plaintiffs' objections thereto (Doc. 48), and all relevant documents, **IT IS HEREBY ORDERED THAT**:

1. Defendant Bisignano's objection (Doc. 47) is **OVERRULED.**[1]

---

[1] The Court concludes that the Magistrate Judge's recommendation that the case go forward as to Defendant Bisignano in his official capacity based on Plaintiffs' substantial compliance with service requirements for that claim (Doc. 46 at 5-6) is the prudent course of action at this stage of the proceedings. Therefore, Defendant Bisignano's objection to the recommendation is overruled. However, because the Court agrees with Defendant Bisignano that service remains legally deficient pursuant to Federal Rule of Civil Procedure 4(i) (Doc.47 at 5), the Court will allow a period of time pursuant to Rule 4(m) for Plaintiffs to perfect service pursuant to Rule 4(i) which requires a plaintiff to serve the United States as well as the officer or employee sued.

2. Plaintiffs' objections (Doc. 48) are **OVERRULED**.[2]

3. The R&R is **ADOPTED** for the reasons set forth therein as clarified by this Order. (See ¶ 7 and n.1.)

4. The Motion to Set Aside Entry of Default (Doc. 31) is **GRANTED**.

5. The Clerk of Court is directed to **SET ASIDE** the Entry of Default (Doc. 30).

6. Pursuant to the Court's Order of November 22, 2024 (Doc. 9), the Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court Order and pursuant to Federal Rule of Civil Procedure 4(m) as to all Defendants except Commissioner Frank Bisignano in his official capacity.

7. Because Plaintiffs substantially complied with the service requirements of an official capacity claim against Commissioner Bisignano but did not perfect service pursuant to Federal Rule of Civil Procedure 4(i), Plaintiff shall file perfect **service within thirty (30) days of the date of this Order**.  Failure to do so may result in dismissal of this action without further notice.

---

[2] Plaintiffs' opposition to the Commissioner's Motion to Set Aside Entry of Default (Doc. 31) (Doc. 48 at 1-2) is not supported by the record for the reasons set out in the R&R (Doc. 46 at 4-5). Plaintiffs' assertion that service was proper in this case (*see, e.g.*, Doc. 48 at 2) is not supported by the record for the reasons set out in the R&R (Doc. 46 at 5-9). Therefore, Plaintiffs' objections are overruled.

8. The above-captioned action is remanded to Magistrate Judge Martin C. Carlson for

further proceedings consistent with this Order.[3]

Robert D. Mariani
United States District Judge

---

[3] These proceedings shall include consideration of the Court's November 20, 2024, Order (Doc. 8) and resolution of the status of Optatus Chaila. As set out in the Order,

> The caption of the complaint list[s] two plaintiffs: Florence R. Parker Chailla ("Florence") and Optatus N. Chailla ("Optatus"). Florence has signed the complaint, but Optatus has not.
>
> "Every pleading, written motion, and other paper must be signed by a least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). This rule also requires the court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* If Optatus intends to proceed as a plaintiff in this case, he must sign the complaint.
>
> Based on the foregoing, IT IS ORDERED that Optatus intends to proceed as a plaintiff in this case, he shall sign and file a copy of complaint on or before December 11, 2024. The Clerk of Court shall send Optatus a copy of the complaint (redacted) (doc. 1) so that he may sign it and file it with the court. If he fails to file a signed copy of the complaint, we will recommend that he be dismissed from this action.

(Doc. 8 at 1.) A subsequent docket entry indicates that the Clerk of Court sent the copy of the Complaint. The record does not show a response by Plaintiff Optatus Chailla.