**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FLORENCE R. PARKER CHAILLA,** ***et al.*****,** | : | |
| | : | **CIVIL ACTION NO. 3:24-CV-1961** |
| **Plaintiffs,** | : | |
| | : | **(JUDGE MARIANI)** |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **FRANK BISIGNANO,** | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**ORDER**

**AND NOW, THIS 1ST DAY OF OCTOBER 2026**, upon review of Magistrate Judge Martin C. Carlson's Report and Recommendation ("R&R") (Doc. 51) and all relevant documents for clear error or manifest injustice, **IT IS HEREBY ORDERED THAT**:

1. The R&R is **ADOPTED** for the reasons set forth therein.
2. The Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**. *See* R&R at 8–15 (analyzing factors articulated in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), and noting that claims "fail on their merits [and permitting leave to amend]…would now be futile and result in further, undue delay).
3. Notwithstanding the Court's dismissal with prejudice articulated in Paragraph 2, Plaintiff Opatus N. Chailla may pursue a claim challenging his benefits adjudication through the administrative process outlined in *Chailla v. Comm'r of Soc. Sec.*

*Admin.*, 838 F. App'x 653 (3d Cir. 2020) (holding Plaintiffs needed to follow the exclusive administrative pathway set forth in 43 U.S.C. § 405(g) to challenge their benefit adjudications). Plaintiff must "(1) 'seek an initial determination before the SSA as to his eligibility'; (2) 'seek reconsideration of the initial determination' in the agency; (3) 'request a hearing, which is conducted by an ALJ'; and (4) 'seek review of the ALJ's decision by the Appeals Council.'" *Id.* at 655. Unless and until a plaintiff completes this administrative process and obtains a final decision of the Commissioner of Social Security, a federal district court "lacks subject matter jurisdiction to review a Social Security benefit determination." *Id.* at 655 (citation omitted); *see also id.* at 657 (noting dismissal without prejudice is proper where a court lacks subject matter jurisdiction).

4. To the extent Plaintiff Opatus N. Chailla's April 7, 2026 letter informing the Court of his wife's untimely passing (Doc. 50) was intended to be construed as a Motion to Appoint Counsel, that Motion is **DENIED**. *See Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).

Robert D. Mariani
United States District Judge